IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DONALD W. GLAZER, et al.,               )
                                         )
                Plaintiffs,              )
                                         )   Case No. 07 C 2284
        v.                               )
                                         )   Hon. George W. Lindberg
ABERCROMBIE & KENT, INC., et al.,        )
                                         )
                Defendants.              )

MEMORANDUM OPINION AND ORDER

Plaintiffs Donald Glazer, Kevin McClellan, Daniel Mosley and Evan Stein, individually and on behalf of a putative class, filed a nine-count Second Amended Complaint ("complaint") against the four named defendants, Abercrombie & Kent, Inc. ("A&K"), Geoffrey Kent ("Kent"), Andrew Harper, and Andrew Harper, Inc., alleging securities fraud, common law fraud, negligent misrepresentation, consumer fraud and breach of a guaranty. Specifically, plaintiffs claim that all of the defendants violated Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10(b)-5, 17 C.F.R. § 240.10b-5, (Count I) and various Consumer Protection Acts in the states where the individual plaintiffs reside (Count VIII). Plaintiffs also alleged that each of the defendants committed fraud (Counts II-IV) and negligent misrepresentation (Counts V-VII). Finally, plaintiffs claim that A&K, Andrew Harper and Andrew Harper, Inc. breached their guarantee (Count IX). Defendants Andrew Harper, Inc. and Andrew Harper (collectively "the Harper defendants") move to dismiss the counts of the complaint that pertain to them pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). A&K and Kent move to dismiss the counts that pertain to them pursuant to Rules 12(b)(6) and 9(b). For the reasons set forth more fully below, the motions to dismiss are granted in part and

denied in part.

## I. Introduction

The allegations in the complaint stem from plaintiffs' memberships in a destination club known as "Andrew Harper's Distinctive Retreats, a Destination Club by Abercrombie & Kent" ("club"). Each of the plaintiffs paid $392,000 or more for a membership in the club. Plaintiffs claim that their memberships constituted securities, namely bonds, and were purchased in reliance upon a combination of non-disclosures and materially false and misleading statements by defendants. As a result of those non-disclosures and materially false and misleading statements, plaintiffs claim that they erroneously believed that the club was owned and operated by A&K, instead of the actual owner, Tanner & Haley. Further, plaintiffs claim that the false and misleading statements caused their club memberships to be significantly overvalued at the time of purchase, ultimately causing plaintiffs significant monetary losses when Tanner & Haley filed for bankruptcy in 2006.

## II. Legal Analysis

### A. Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) permits motions to dismiss a complaint for "failure to state a claim upon which relief can be granted. . ." FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Equal Employment Opportunity Comm'n v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(citation omitted). The language in Rule 12(b)(6) "impose[s] two easy to clear hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the ... claim is and the grounds upon which it

rests.' Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *Id*. (citations omitted). In determining whether plaintiffs have cleared these hurdles, the court assumes "that all the allegations in the complaint are true." *Jennings v. Auto Meter Prods., Inc.*, 495 F.3d 466 (7th Cir. 2007) (citations omitted).

B. Federal Rule of Civil Procedure 9(b)

Rule 9(b) requires that "[i]n all averments of fraud ... the circumstances constituting fraud ... be stated with particularity." *Fed.R.Civ.P.* 9(b). The Seventh Circuit has held that the rule has three main purposes: (1) protecting a defendant's reputation from harm; (2) minimizing "strike suits" and "fishing expeditions"; and (3) providing notice of the claim to the adverse party. *Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 777 (7th Cir.1994). The rule requires that a plaintiff alleging fraud state the identity of the person or persons who made the misrepresentation; the time, place and content of the misrepresentation; and the method by which the misrepresentation was communicated to the plaintiff. *Id.* Specifically, a claim of fraud requires the "who, what, when, where and how; the first paragraph of any newspaper story." *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir.1995).

C. Specific Counts of the Complaint

1. Fraud Based Counts

Defendants move to dismiss the fraud based counts in the complaint on the grounds that plaintiffs failed to plead those claims with sufficient particularity to satisfy Rule 9(b), failed to allege reasonable reliance on defendants' purported misrepresentations and failed to adequately plead loss causation. The court is not persuaded by defendants' claims of insufficient

3

particularity.  In their complaint, plaintiffs sufficiently provide defendants with the "who, what, when, where and how" to put them on notice of the fraud claims levied against them.  Specifically, plaintiffs allege that each of the defendants, individually, or through a representative, intentionally misrepresented the true owner and operator of the club.  Plaintiffs further quote to specific statements in "mailings" that they claim constitute the misrepresentations and plead the requisite scienter.  These allegations are sufficient to satisfy Rule 9(b) and to survive a motion to dismiss.

Defendants' arguments regarding failure to plead reasonable reliance and loss causation are similarly unpersuasive.  Defendants argue that, as a matter of law, plaintiffs' could not have reasonably relied on the purportedly misleading statements alleged in the complaint because according to defendants the "Membership Offering" document clearly identified the owner and operator of the club as Distinctive Retreats, LLC and not any of the defendants.  Based on the specific facts of this case, the issue of whether plaintiffs' reliance on certain documents and statements was reasonable is not appropriate for resolution at the Rule 12(b)(6) motion to dismiss stage of the proceedings.  *See Marks v. CDW Computer Centers, Inc.*, 122 F.3d 363, 370 (7th Cir. 1997).

Further, plaintiffs have sufficiently plead the requisite loss causation.  Plaintiffs have alleged that defendants' misrepresentations regarding who owned and operated the club caused the membership bonds to be more expensive than they should have been when plaintiffs purchased them.  Then, Tanner & Haley's decision to file for bankruptcy after plaintiffs allegedly learned the identity of the actual owner and operator of the club caused the membership bonds to become worthless, resulting in an actual loss to plaintiffs. Based on these

4

allegations, plaintiffs have sufficiently plead loss causation. *See Caremark, Inc. v. Coram Healthcare Corp.*, 113 F.3d 645, 648 (7th Cir. 1997). Accordingly, for the foregoing reasons, defendants' motions to dismiss are denied as to plaintiffs' fraud claims.

### 2. *Securities Fraud Claim (Count I)*

In addition to citing the arguments addressed above, defendants move to dismiss the securities fraud claim on the additional bases that plaintiffs' membership bonds for the club were not "securities" as defined in the Securities Exchange Act of 1934, 15 U.S.C. § 78c(10), and that plaintiffs failed to meet the particularity pleading requirement of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78o-4, *et seq*. In support of the argument regarding the nature of the bond, defendants rely on the "family resemblance" test. *See Reves v. Ernst & Young*, 494 U.S. 56, 62-63 (1990). Analyzing the elements of that test is a rather fact intensive undertaking in this case and the court finds that such an undertaking is not appropriate at the motion to dismiss stage in the proceedings.

Defendants' particularity argument under the PSLRA also lacks merit. The PSLRA's heightened pleadings standard requires plaintiffs to "specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading. . ." 15 U.S.C. § 78u-4(b)(1)(B). Paragraphs 12, 15, and 20-30 of the complaint are sufficiently specific to satisfy the particularity requirements of the PSLRA. Accordingly, defendants' motions to dismiss are denied as to Count I.

### 3. *Negligent Misrepresentation (Counts V-VII)*

In their complaint, plaintiffs have elected to plead in the alternative. Accordingly, in the event discovery in this case does not support the intent necessary to prevail on various fraud

claims, plaintiffs have alleged that defendants' purported misrepresentations were made negligently. To state a valid claim for negligent misrepresentation, among other things, plaintiffs must plead that defendants were in the business of supplying information for the guidance of others. *See McKie v. R. H. Love Galleries, Inc.*, No. 90 C 0212, 1990 WL 179797, *2 (N.D. Ill. Nov. 2, 1990). Plaintiffs have failed to include such averments in their complaint. Therefore, defendants' motion to dismiss are granted as to the negligent misrepresentation claims and Counts V, VI and VII are dismissed without prejudice.

### 4. Consumer Protection Act Violations (Count VIII)

Defendants move to dismiss Count VIII arguing that plaintiffs' alleged Consumer Protection Acts violations fail for the same reasons that their fraud claims fail. As stated above, the court finds that plaintiffs have sufficiently plead their fraud claims. Accordingly, defendants' motions to dismiss are denied as to Count VIII.

### 5. Breach of a Guaranty (Count IX)

Finally, defendants move to dismiss plaintiffs' claim for breach of a guaranty arguing that the claim is barred by the applicable statute of frauds. A guaranty, which is a promise to pay the debt of another, must "be in writing, and signed by the party to be charged . . . , or some other person thereunto by him lawfully authorized." 740 ILCS ILCS 80/1. Plaintiffs reference a "mailing" in their complaint, which they claim constituted a guaranty by the defendants. However, plaintiffs did not allege that the mailing was signed by any of the defendants, or their lawfully authorized representatives. Therefore, defendants' motions to dismiss are granted, without prejudice, as to Count IX of the complaint.

### III. Conclusion

In summary, the court finds that plaintiffs have sufficiently plead their fraud claims and the motions to dismiss are denied as to those claims. Plaintiffs have failed to sufficiently plead their claims for negligent misrepresentation and breach of a guaranty, thus the motions to dismiss are granted as to those claims and Counts V, VI, VII and IX of the complaint are dismissed without prejudice. Plaintiffs are granted leave to file an amended complaint that complies with this order on or before November 6, 2007.

**ORDERED:** The motion to dismiss of Andrew Harper, Inc. and Andrew Harper [59] is granted in part and denied in part. The motion is granted as to Counts VII and IX and denied as to Counts I, IV and VIII. Abercrombie & Kent, Inc. and Geoffrey Kent's motion to dismiss [56] is granted in part and denied in part. The motion is granted as to Counts V, VI and IX and denied as to Counts I, II, III and VIII. Plaintiffs are given until November 6, 2007 to file an amended complaint that complies with this order.

E N T E R:

George W. Lindberg
SENIOR U.S. DISTRICT JUDGE

DATED: October 23, 2007