IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD W. GLAZER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 07 C 2284 |
| v. | ) | |
| | ) | Hon. George W. Lindberg |
| ABERCROMBIE & KENT, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiffs Donald Glazer, Kevin McClellan, Daniel Mosley and Evan Stein, individually

and on behalf of a putative class, filed an eight-count Fourth Amended Complaint ("amended

complaint") against four named defendants, Abercrombie & Kent, Inc. ("A&K"), Geoffrey Kent

("Kent"), Andrew Harper ("Harper"), and Andrew Harper Travel, Inc. ("Harper, Inc."). Plaintiffs

also included a fifth defendant identified as "John Doe a/k/a/ Andrew Harper."

Defendants A&K, Kent, Harper and Harper, Inc. (collectively "defendants") move this

Court to dismiss the new allegations in the amended complaint. Specifically, defendants move to

dismiss plaintiffs' estoppel claim (Count VI), their claim for a breach of a guaranty based on

joint venture and third-party beneficiary theories of liability, and plaintiffs' negligent failure to

monitor claim. For the reasons set forth more fully below, the defendants' motions to dismiss are

granted.

*I. Introduction*

The allegations in the amended complaint stem from plaintiffs' memberships in a

destination club known as "Andrew Harper's Distinctive Retreats, a Destination Club by

Abercrombie & Kent" ("club"). Each of the plaintiffs paid $392,000 or more for a membership

in the club. Plaintiffs claim that their memberships constituted securities, namely bonds, and were purchased in reliance upon a combination of non-disclosures and materially false and misleading statements by defendants. As a result of those non-disclosures and materially false and misleading statements, plaintiffs claim that they erroneously believed that the club was owned and operated by A&K, instead of the actual owner, Tanner & Haley. Further, plaintiffs claim that the false and misleading statements caused their club memberships to be significantly overvalued at the time of purchase, ultimately causing plaintiffs significant monetary losses when Tanner & Haley filed for bankruptcy in 2006.

Three of plaintiffs' new theories of liability in the amended complaint relate to a trademark licensing agreement[1] ("licensing agreement") between A&K and the club. The purpose of the licensing agreement was to set terms for the club's use of A&K's name and trademark. The licensing agreement is a standard contract that outlines parameters for the club's use of A&K's name and mark and provides A&K with certain rights that it can exercise to preserve and protect its name and mark and certain goodwill associated therewith.

## II. *Legal Analysis*

### A. *Federal Rule of Civil Procedure 12(b)(6)*

Rule 12(b)(6) permits motions to dismiss a complaint for "failure to state a claim upon which relief can be granted. . ." FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Equal Employment Opportunity Comm'n v. Concentra Health*

---

[1]Plaintiffs attached a copy of the licensing agreement to the amended complaint and incorporated it as a part thereof.

*Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(citation omitted).  The language in Rule 12(b)(6) "impose[s] two easy to clear hurdles.  First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the ... claim is and the grounds upon which it rests.'  Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *Id*. (citations omitted).  In determining whether plaintiffs have cleared these hurdles, the Court assumes "that all the allegations in the complaint are true." *Jennings v. Auto Meter Prods., Inc.*, 495 F.3d 466 (7th Cir. 2007) (citations omitted).

### B.  Applicable Law

Defendants assert that Illinois law governs the state law claims at issue in the pending motions to dismiss.  Plaintiffs do not take a position on what laws govern their state law claims, but cite only to Illinois law in their response brief to defendants' motions to dismiss.  Because no party suggests that the law of a state other than Illinois should apply, Illinois law applies by default.  *See ECHO, Inc. v. Whitson Co.*, 52 F.3d 702, 707 (7th Cir. 1995).

### C.  Specific Counts in the Amended Complaint

#### 1.  Claims Based on the Licensing Agreement

##### a.  Joint-Venture

One new allegation in the amended complaint is that the licensing agreement between A&K and the club created a joint venture between those two entities.  A joint venture includes "(1) an express or implied agreement to carry on some enterprise; (2) a manifestation of intent by the parties to be associated as joint venturers; (3) a joint interest as shown by the contribution of property, financial resources, effort, skill or knowledge; (4) a degree of joint proprietorship or

3

mutual right to the exercise of control over the enterprise; and (5) a provision for joint sharing of profits and losses." *Autotech Tech Ltd. Partnership v. Automationdirect.com*, 471 F.3d 745, 748 (7th Cir. 2006).

The licensing agreement that plaintiffs rely on explicitly states that the parties did not:

"intend to create a partnership, joint venture, or similar relationship of any kind by reason of th[e] Agreement, and no partnership, joint venture or similar relationship of any kind shall be created or construed by reason of their entry into the Agreement or the establishment of any of the rights and obligations set forth thereunder."

The agreement further provides that A&K:

"shall have no duty, responsibility, or obligation for the management, operation and maintenance of [the club] and [its] properties and activities."

After reviewing the terms of the licensing agreement and the allegations in the amended complaint, the Court finds that on its face, the licensing agreement does not create a joint venture between A&K and the club. *See Industrial Hard Chrome, Ltd. v, Hetran, Inc.*, 90 F. Supp. 2d 952, 955 (N.D. Ill. 2000). As the Court stated above, the licensing agreement provided A&K with certain rights that it could exercise to protect and preserve its name and trademark. In light of the language in the licensing agreement, which specifically states the parties' did not intend to create a joint venture, the Court cannot construe A&K's right to protect its name and mark as creating a joint venture. Therefore, plaintiffs' claim related to A&K's alleged liability stemming from a joint venture with the club is dismissed.

### b. Negligence

Next, the Court turns to plaintiffs' claim that defendants negligently failed to use their rights under the licensing agreement to stop the club's deceptive marketing practices.

4

Defendants' authority to approve the club's marketing and promotional activities under the licensing agreement provided defendants with a means of protecting their name and trademark. The plain language of the licensing agreement did not create any duty on the part of defendants to owners of memberships in the club. Therefore, paragraph 93(b) of the complaint is dismissed.

### c. Third-party beneficiary

Plaintiffs also claim that they were intended beneficiaries of the licensing agreement and that defendants breached their obligations under the licensing agreement. Similar to plaintiffs' other new theories of liability, this claim is also dismissed. Under Illinois law, "there is a strong presumption that parties to a contract intend that the contract's provisions apply *only* to them and not to third parties." *Quinn v. McGraw-Hill Co., Inc.*, 168 F.3d 331, 334 (7th Cir. 1999) (quoting *155 Harbor Drive Condominium Ass'n v. Harbor Point, Inc.*, 209 Ill. App. 3d 631, 647 (Ill. App. 1st Dist. 1991) (emphasis in the original). In fact, some Illinois courts have held that purported third-party beneficiaries must be named in the disputed contract or agreement. *See Wheeling Trust & Sav. Bank v. Tremco, Inc.*, 505 N.E.2d 1045, 1048 (Ill. App. 1987).

Other Illinois court have accepted an implied showing of the existence of a third-party beneficiary where "the implication that the contract applies to third parties [is] so strong as to be practically an express declaration." *Quinn*, 168 F.3d at 334 (quoting *155 Harbor Drive*, 209 Ill. App. 3d at 647). Plaintiffs concede that they were not specifically named in the licensing agreement and have not cited to any language in the licensing agreement that indicates, either explicitly or implicitly, that the parties to the agreement intended for the agreement to benefit plaintiffs. As stated above, the purpose of the agreement was to set terms for the club's use of A&K's name and trademark, not to benefit plaintiffs. An Illinois court would find plaintiffs'

allegations related to its third-party beneficiary claim insufficient as a matter of law. Therefore,

that claim is dismissed.

### 2. Estoppel Claim (Count VI)

Finally, defendants move to dismiss the estoppel claim on the grounds that plaintiffs have

not stated a valid claim for either promissory or equitable estoppel[2]. One of the required

elements of both a promissory and equitable estoppel claim is an allegation that defendants made

an unambiguous promise to plaintiffs. *Geva v. Leo Burnett Co., Inc.,* 931 F.2d 1220, 1223 (7th

Cir. 1991); *Quake Construction, Inc. v. American Airlines, Inc.*, 141 Ill.2d 281, 310 (Ill. 1990).

Plaintiffs have not alleged any promise on the part of defendants in Count VI of their amended

complaint. The only allegation plaintiffs made in their estoppel claim is that defendants provided

plaintiffs with the "impression" that they owned the club. *Compl*. at ¶102. In fact, plaintiffs

have not alleged anywhere in the amended complaint that defendants made an unambiguous

promise. Therefore, the estoppel claim is dismissed.

### III. Conclusion

In summary, the Court finds that plaintiffs have not properly plead their four new theories

of liability in the amended complaint. Therefore, defendants' motions to dismiss [113, 116] are

granted.

---

[2]District courts in Illinois have split on whether promissory and equitable estoppel can be plead as affirmative claims under Illinois law. *See Continental Marketing, Ltd. v. Home Depot U.S.A., Inc.*, 07 C 5152, 2008 WL 2726908 at *2 (N.D. Ill. July 10, 2008). Many courts have held that estoppel is only an affirmative defense and does not constitute an independent cause of action. *Id*. This Court does not need to determine whether estoppel can constitute an independent cause of action under Illinois law because plaintiffs have not alleged the required elements for estoppel.

**ORDERED:** Andrew Harper Inc. and Andrew Harper's motion to dismiss parts of plaintiffs'

Fourth Amended Complaint [116] is granted. Abercrombie & Kent, Inc. and Geoffrey Kent's

motion to dismiss Count VI and new allegations in the Fourth Amended Complaint [113] is

granted. Defendants are ordered to file an answer to the remaining claims in the Fourth

Amended Complaint by September 29, 2008.


E N T E R:

_____
George W. Lindberg
SENIOR U.S. DISTRICT JUDGE


DATED:   September 23, 2008