IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD W. GLAZER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 07 C 2284 |
| v. | ) | |
| | ) | Hon. George W. Lindberg |
| ABERCROMBIE & KENT, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Before the Court is a motion by plaintiffs Donald Glazer, Kevin McClellan, Daniel Mosley and Evan Stein ("plaintiffs") for class certification pursuant to Federal Rule of Civil Procedure ("Rule") 23. Plaintiffs seek the following four specific findings from the Court: (1) certification of this action as a class action pursuant to Rule 23(a) and 23(b)(3); (2) a definition of the class as "all persons who purchased club memberships in 'Distinctive Retreats by Abercrombie & Kent' and 'Andrew Harper's Distinctive Retreats' (collectively the "club") during the time in which the club was marketed as such"; (3) certification of plaintiffs Donald Glazer, Kevin McClellan, Daniel Mosley and Evan Stein as representatives for the class; and (4) designation of plaintiffs' counsel, the law firms of Todd & Weld LLP and Lite DePalma Greenberg & Rivas, LLP as co-lead counsel for the class and Freed Kanner London & Millen LLC as liaison counsel for the class. For the reasons set forth more fully below, the motion is denied and the putative class is not certified.

*I. Relevant Facts*

The allegations in the Fourth Amended Complaint ("complaint") stem from plaintiffs'

memberships in the club. Each plaintiff and proposed member of the putative class paid $392,000 or more for a membership in the club. The price range for the memberships was between $392,000 and $450,000. Plaintiffs claim that their memberships constituted securities, namely bonds, and were purchased in reliance upon a combination of non-disclosures and materially false and misleading statements by defendants. Plaintiffs claim that they received those non-disclosures and false statements via written correspondences, the internet and oral communications.

As a result of those alleged non-disclosures and materially false and misleading statements, plaintiffs claim that they erroneously believed that the club was owned and operated by A&K, instead of the actual owner, Tanner & Haley. Further, plaintiffs claim that the false and misleading statements caused their club memberships to be significantly overvalued at the time of purchase, ultimately causing plaintiffs significant monetary losses when Tanner & Haley filed for bankruptcy in 2006. At the time of the bankruptcy filing, there were approximately 412 outstanding memberships in the club.

Contrary to plaintiffs' assertions, this case is not "remarkably simple." It is a complex, atypical purported class action. First, because of the Tanner & Haley bankruptcy case, the name and contact information for each person who owned a membership in the club is readily available. Those membership owners are the people plaintiffs claim constitute the putative class. Second, in moving for class certification, plaintiffs seek to convert what they claim are individual damages in the range of $400,000, into a class claim for $160,000,000. Converting this case from individual claims into a class action could create a "bet-your-company decision" for the

2

defendants and could induce a substantial settlement even if plaintiffs' claims are weak. *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675 (7th Cir. 2001); *see also Isaacs v. Sprint Corp.*, 261 F.3d 679, 681 (7th Cir. 2001).

*II. Legal Analysis*

The Court has broad discretion to determine whether certifying a class is appropriate. *Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1998). The Court is not required to take the allegations in the complaint as true and must decide whatever factual and legal issues are relevant to its Rule 23 analysis. *Szabo,* 249 F.3d at 676. Plaintiffs bear the burden of establishing each element under Rule 23. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006).

In order to prevail on their motion, plaintiffs must satisfy the four conditions of Rule 23(a). They must show that: (1) the putative class is so numerous that joinder of all members is impracticable ("numerosity"); (2) common questions of fact or law exist as to the entire class ("commonality"); (3) the claims of the representative parties are typical of those in the class ("typicality"); and (4) the proposed class representatives will fairly and adequately represent the class ("adequacy"). FED. R. CIV. P. 23(a). Plaintiffs must also show that questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that litigating this case as a class action is superior to other methods of fairly and efficiently resolving the case. FED. R. CIV. P. 23(b)(3). Failure to meet any one of these requirements precludes class certification. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993).

Plaintiffs seek to certify a class defined as "all persons who purchased club memberships

3

in 'Distinctive Retreats by Abercrombie & Kent' and 'Andrew Harper's Distinctive Retreats' (collectively the "club") during the time in which the club was marketed as such."

*A. Numerosity*

First, the Court turns to whether plaintiffs have established that the putative class is so numerous that joinder of all members is impracticable. They have not. Plaintiffs' proposed class is in the range of four hundred people, which on its face appears to satisfy the numerosity requirement of Rule 23(a). *See Swanson v. American Consumer Indus.*, 415 F.2d 1326, 1333 (7th Cir. 1969)(courts generally find numerosity where there are at least forty class members). However, approximately seventy-five percent of those people have already filed individual state court lawsuits in California. And, it is uncontested that each member of the alleged putative class in this case was contacted by the lawyers that filed the California cases and given the opportunity participate in those cases. Although the court cannot definitively determine whether the three hundred or so people pursuing individual claims in California would opt out of the class in this case, it appears likely and plaintiffs have not provided evidence to the contrary. Plaintiffs have also not established that the remaining one hundred or so people that declined to pursue individual cases in California would be interesting in participating in a class action lawsuit in Illinois. The class could be limited to the four named plaintiffs, which would not satisfy the numerosity requirement. The class could include four hundred people, which would satisfy Rule 23(a)(1). Plaintiffs have not met their burden of establishing which number is most likely; four, four hundred, or some number in between. *See Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989).

*B. Commonality and Typicality*

Plaintiffs also failed to establish that common questions of fact and law exist as to the entire class and that the named plaintiffs' claims are typical of the alleged class. The claims in this case stem from individual purchases of club memberships. The decision to purchase those memberships was a highly individualized process. As would be expected when deciding whether to make a $400,000 investment, each purchaser gathered available information from written materials, the internet and oral communications with other club members and those attempting to sell the memberships. The information that each purchased received is not identical. More importantly, each purchaser may have a different understanding and impression of the sales and marketing information s/he received. Plaintiffs' assertions to the contrary are unfounded. *See Thorogood v. Sears, Roebuck and Co.*, 2008 WL 4709500 at *5, (7th Cir., Oct. 28, 2008). The evaluation of each class member's claim will require individual hearings regarding the specific circumstances surrounding each person's decision to purchase the club membership and her/his impressions about the information s/he received. Therefore, the relevant questions of fact are not common to the entire class. *See Thorogood v. Sears, Roebuck and Co.*, 08 C 1590, 2008 WL 4709500 at *5, (7th Cir., Oct. 28, 2008).

Relevant questions of law are also not common to the entire class. As stated above, approximately seventy-five percent of the purported putative class is currently pursing fraud claims in California. Plaintiffs claim that the California litigation does not preclude class certification because all four hundred purchasers have valid federal securities law claims that have not been alleged in the California litigation. However, plaintiffs' claims in this case are not

5

limited to violations of federal securities law. Plaintiffs also alleged claims for common law fraud, negligent misrepresentation and other state law claims. The members of the putative class involved in the California litigation cannot pursue the state law claims alleged in this case if they are currently litigating those same claims in California. Therefore, there does not appear to be questions of law common to the entire class.

Finally, the fact that the named plaintiffs are pursuing state law claims that would not be available to the class members litigating their claims in California, may render the named plaintiffs atypical of the other members of the putative class. Accordingly, the Court finds that plaintiffs failed to establish the numerosity, commonality and typicality requirements of Rule 23(a).

*C. Rule 23(b)(3) Requirements*

In addition to their failings related to Rule 23(a), plaintiffs also failed to established the conditions of Rule 23(b)(3). Rule 23(b)(3) "requires two findings: predominance of common questions over individual ones and superiority of the class action mechanism." *Murry v. America's Mortgage Banc, Inc.,* No. 03 C 5811, 03 C 6186, 2005 WL 1323364, at *9 (N.D.Ill. May 5, 2005). In evaluating the requirement of superiority, a court must consider: "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." FED.R.CIV.P. 23(b)(3); *see also Szabo v. Bridgeport Machs., Inc.,* 249 F.3d 672, 676 (7th Cir. 2001).

These considerations are particularly important in this case and weigh against class certification. According to the complaint, each plaintiff suffered damages in the range of $400,000. Six figure damage claims are sufficient incentive for people to initiate individual lawsuits if they believe they have been defrauded. Large damage claims also increase the parties' interest in individually controlling the prosecution and defense of separate actions. Each person seeking a membership in the club submitted extensive financial documentation prior to joining the club. According to that documentation and the fact that each individual had approximately $400,000 to invest in the club, the members of the putative class possess considerable wealth and have the means to pursue individual actions. *See Frahm v. Equitable Life Assurance Soc'y of U.S.,* 137 F.3d 955, 957 (7th Cir.1998); *see also Isaacs*, 261 F.3d at 682.

The policy behind certifying a class action is "to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor." *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 617 (1997); *see also Thorogood v. Sears, Roebuck and Co.*, 2008 WL 4709500 at *2 (7th Cir., Oct. 28, 2008). This is not such a case and class certification is not necessary. *See Szabo,* 249 F.3d at 678; *see also Zinser v. Accufix Research Inst., Inc.,* 253 F.3d 1180, 1190-91 (9th Cir. 2001).

Certifying this case as a class action is also inferior to proceeding with individual cases because of the ongoing California litigation discussed above. The California litigation involves some of the same claims and potential members of the putative class at issue in this case. It would not be efficient or manageable to certify a class that includes members that are litigating

7

one or more claims similar to the ones at bar in California.

Finally, this Court has recent experience in dealing with cases involving over one hundred individual plaintiffs. *See Acevedo v. Heinemann's Bakeries, Inc., et al.*, 06 C 3252. The Court handled that case in a relatively efficient manner and could apply some of the techniques it used in that case, if necessary, to this case.

### *III. Conclusion*

For the reasons set forth above, the motion for class certification is denied. Plaintiffs have not met their burden of establishing the conditions of Rule 23(a). Specifically, they have not established that the potential class is so numerous that joinder would be impracticable, or that the named plaintiffs' claims are typical and common to the entire class. Plaintiffs also failed to show that certifying this case as a class action would be a superior method of fairly and efficiently resolving this case.

ORDERED: Lead plaintiffs' motion for class certification [126] is denied. No class is certified in this case. No appearance is required on November 12, 2008. Motions for summary judgment as to the claims by the individual plaintiffs are due December 5, 2008.

E N T E R:

_____
George W. Lindberg
SENIOR U.S. DISTRICT JUDGE

DATED: November 10, 2008