LIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD W. GLAZER, KEVIN R.<br>McCLELLAN, DANIEL L. MOSLEY,<br>and EVAN A. STEIN | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | Case No. 07 C 2284 |
| v. | )<br>) | Hon. George W. Lindberg |
| ABERCROMBIE & KENT, INC.,<br>GEOFFREY KENT, ANDREW W. HARPER,<br>ANDREW HARPER TRAVEL, INC, and<br>JOHN DOE, a/k/a ANDREW HARPER, | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are defendants' motions for summary judgment. Defendants Abercrombie & Kent, Inc. ("A&K") and Geoffrey Kent ("Kent") (collectively the "Kent defendants") filed a joint motion for summary judgment as to all claims pending against them in the Fourth Amended Complaint ("complaint") - Count I (violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 as to A&K and Kent); Count II (common law fraud as to A&K); Count III (common law fraud as to Kent); Count V (negligent misrepresentation as to A&K and Kent); Count VII (violation of the Consumer Protection Acts of the plaintiffs' respective states as to A&K and Kent); and Count VIII (breach of guaranty as to A&K). Defendants Andrew Harper and Andrew Harper Travel, Inc. (collectively the "Harper defendants") also filed a motion for summary judgment as to all claims pending against them in the complaint - Count I (violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5); Count IV (common law fraud); Count V (negligent misrepresentation); and Count

VII (violation of the Consumer Protection Acts of the plaintiffs' respective states).  All four defendants filed a consolidated Local Rule ("Rule") 56.1 statement of undisputed material facts.  The plaintiffs Donald Glazer ("Glazer"), Kevin McClellan ("McClellan"), Daniel Mosley ("Mosley") and Evan Stein ("Stein") (collectively "plaintiffs") filed consolidated responses to defendants' motions for summary judgment.

For the reasons set forth more fully below, the Harper defendants' motion for summary judgment is granted in part.  Judgement is entered in favor of the Harper defendants as to the Securities Law claim (Count I) and all of Mosley and McClellan's state law claims.  Glazer and Stein's other remaining state law claims are dismissed as to the Harper defendants.  All briefing related to the Kent defendants' motion for summary judgment is stricken.

## I. *Relevant Undisputed Facts*

The following facts are undisputed unless specifically noted below.  Glazer is a Massachusetts lawyer who serves as advisory counsel on business law at a Boston law firm.  McClellan is an ophthalmologist who lives in Northbrook, Illinois.  Stein is a physician and businessman in Ft. Thomas, Kentucky.  Stein formed two (and sold one) large medical research laboratories.  Mosley is the head of the trust and estates practice group at a large New York City law firm.  Kent is the chairman of A&K, which focuses its business on selling high-end international travel tours.  Andrew Harper, Inc. publishes a travel newsletter entitled Hideaway Report.  Andrew Harper is a pseudonym for two brothers who operate Andrew Harper, Inc.

This case stems from plaintiffs' memberships in a destination club known as "Andrew Harper's Distinctive Retreats, a Destination Club by Abercrombie & Kent" ("club").   McClellan joined the club on February 23, 2004 and Mosley joined the club three days later, on February 26,

2

2004. At that time, the Harper defendants did not have any involvement in the club and the club was named "Distinctive Retreats by Abercrombie & Kent." On March 23, 2004, after McClellan and Mosley had already joined the club, the Harper defendants - via their predecessor company, Harper Associates, Inc. - executed a trademark licensing agreement granting Distinctive Retreats, LLC the right to call their club "Andrew Harper's Distinctive Retreats by Abercrombie & Kent." Glazer and Stein joined the club after the Harper defendants executed the trademark licensing agreement with Distinctive Retreats, LLC. Glazer joined the club on February 25, 2005 and Stein joined the club on April 15, 2005.

McClellan and Mosley each paid $392,000 for their memberships to the club. Glazer paid $425,000 and Stein paid $450,000, respectively, for their club memberships. In exchange for their membership payments, each plaintiff received a document entitled a "member bond" and the guaranty to refund the amount plaintiffs paid for their memberships, with certain restrictions and modifications, if plaintiffs chose to redeem their member bonds and discontinue their memberships in the club. The club filed for bankruptcy in early July 2006. Plaintiffs claim that they joined the club in reliance upon a combination of non-disclosures and materially false and misleading statements by defendants, which resulted in the loss of their membership payments.

## II. Legal Analysis

### A. Summary Judgement Standard of Review

To succeed on a motion for summary judgment, the moving party must show that the pleadings, depositions, answers to interrogatories, and admissions on file, together with any admissible affidavits do not create a genuine issue of material fact and that it is entitled to

judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must construe all facts in the light most favorable to the non-moving parties, plaintiffs, and must view all reasonable inferences in their favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### B. *Harper Defendants' Motion for Summary Judgment*

#### 1. *Claims by Mosley and McClellan*

The Harper defendants seek the entry of summary judgment as to all of Mosley and McClellan's claims - Counts I, IV, V, and VII - because those two men purchased their contested club memberships before the Harper defendants were involved with the club. Mosley and McClellan do not dispute this fact and failed to provide any basis for denying the Harper defendants' motion for summary judgment as to their claims.[1] McClellan joined the club on February 23, 2004 and Mosley joined the club three days later, on February 26, 2004. The Harper defendants - via their predecessor company, Harper Associates, Inc. - did not execute a trademark licensing agreement granting Distinctive Retreats, LLC the right to call their club "Andrew Harper's Distinctive Retreats by Abercrombie & Kent" until March 23, 2004. McClellan admits that he did not receive any communications from the Harper defendants, or any documents mentioning the Harper defendants prior to joining the club. Mosley stated that he did not believe the Harper defendants had anything to do with the club, and they did not have anything to do with his decision to join the club. Therefore, the Harper defendants' motion for

---

[1]Plaintiffs' joint response brief in opposition to the Harper defendants' motion for summary judgment states that only Stein and Glazer "fell prey to [the Harper] defendants' scheme." The argument section of the brief only addresses why Stein and Glazer's claims against the Harper defendants should survive the motion for summary judgment.

4

summary judgment is granted as to all the claim by Mosley and McClellan.

### 2. *Securities Fraud Claims by Stein and Glazer*

These claims are analyzed under federal law. The case law in the Third Circuit - the transferor court- is the same as the law in this circuit - the transferee court. Therefore, Seventh Circuit law applies. *Eckstein v. Balcor Film Investors*, 8 F.3d 1121, 1126-7 (7th Cir. 1993). In order to prevail on their claims that the Harper defendants violated Section 10(b) of the Securities Act, 15 U.S.C. § 78j(b) and Rule 10b-5, Stein and Glazer must establish that the Harper defendants: (1) made a false statement or omission; (2) of material fact; (3) with scienter; (4) in connection with the purchase or sale of securities; (5) upon which Stein and Glazer reasonably relied; and (6) that the false statement of omission proximately caused the their injury. *Otto v. Variable Annuity Life Ins. Co.*, 143 F.3d 841, 851 (7th Cir. 1998).

Stein and Glazer have not identified any false statements or omissions by the Harper defendants that they relied on in deciding whether to purchase their contested club memberships. Stein admits that he expressed interest in joining the club prior to hearing about the Harper defendants' involvement in the club. Stein also admits that, prior to joining the club, he did not talk to the Harper defendants, did not investigate the Harper defendants, and did not request any financial information from the Harper defendants. Stein also did not receive any communications from the Harper defendants prior to joining the club. The only mention of the Harper defendants that Stein received prior to joining the club was the use of the Andrew Harper's name in the title of the club, "Andrew Harper's Distinctive Retreats." Stein has not cited to any case law indicating that the phrase "Andrew Harper's Distinctive Retreats" is a false statement, or that it can serve as the basis for a violation of Section 10(b) of the Securities Act.

At this stage in the case, plaintiffs must set forth specific facts that demonstrate a genuine issue for trial. *See Rozskowiak v. Vill. of Arlington Heights,* 415 F.3d 608, 612 (7th Cir.2005). Summary judgment is the "put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson v. Cambridge Indus., Inc.,* 325 F.3d 892, 901 (7th Cir.2003)(internal quotation and citation omitted). Stein has not cited to any material false statements or omissions by the Harper defendants. "When the non-moving party fails to establish 'the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,' Rule 56(c) mandates entry of summary judgment against that party because 'a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006)(quoting *Celotex*, 477 U.S. at 322-23)). Therefore, judgment is entered in favor of the Harper defendants and against Stein as to Count I of the complaint.

Glazer's claim that the Harper defendants violated Section 10(b) fails for the same reason Stein's claim fails - Glazer has not set forth specific facts that would convince a trier of fact that the Harper defendants violated applicable securities laws. Glazer only devotes one paragraph in his brief in opposition to the motion for summary judgment to the Harper defendants' alleged misrepresentations and omissions. In that paragraph, Glazer references a "multitude of Harper [defendants'] misrepresentations." However, based on the record currently before the Court, the Court cannot identify any misrepresentations.

Plaintiffs did not comply with the requirements of Rule 56.1. The Seventh Circuit has "consistently and repeatedly required strict compliance" with the rule. *Ogdon v. Hoyt*, 409 F.

Supp. 2d 982, 986-86 (N.D. Ill. 2006). Plaintiffs did not file a "concise response to the movant's statement." *See* L.R. 56.1(b)(3). Plaintiffs' statement of additional facts does not comply with Rule 56.1(b)(3). The oft quoted "[j]udges are not like pigs, hunting for truffles buried in" the record is applicable to the instant case. *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). It is not this Court's duty to scour the parties' briefs and exhibits looking for material factual disputes. *Carter v. American Oil Co.*, 139 F.3d 1158, 1163 (7th Cir. 1998). The Court will disregard all of plaintiffs' inappropriate and incorrectly cited "facts." *See Cichon v. Exelon Generation Co., L.L.C.*, 401 F.3d 803, 809 (7th Cir. 2005). The Court is also not obligated to assume Glazer's conclusory allegations as true. *Id*. Because Glazer has not identified any specific false statements or omissions by the Harper defendants, judgment is entered in favor of the Harper defendants and against Glazer as to Count I in the complaint.

Plaintiffs have not established federal jurisdiction based on diversity of citizenship and the Court will not exercise supplemental jurisdiction over Glazer and Stein's remaining state law claims as to the Harper defendants. *See* 28 U.S.C. § 1365(c). Plaintiffs have not properly plead their citizenship in the complaint. The complaint merely alleges that Glazer is a "resident" of Massachusetts, that McClellan is a "resident" of Illinois, that Mosley is a "resident" of Connecticut, and that Stein is a "resident" of Kentucky. "When parties allege residence but not citizenship, the [district] court must dismiss the suit." *Adams v. Catrambone*, 359 F.3d 858, 861, n. 3 (7th Cir. 2004)(quoting *Guaranty Nat. Title Co. v. J.E.G. Associates*, 101 F.3d 57, 59 (7th Cir. 1996)). Plaintiffs must allege the citizenship, not the residence of the individual parties. *Adams*, 359 F.3d at 861, n.3. Plaintiffs also failed to include any allegations regarding individual defendants Kent and Harper's citizenship. Plaintiffs claim Andrew Harper Travel, Inc.'s

7

principal place of business is Illinois and A&K's "principal address" is Illinois. Accordingly, Stein and Glazer's remaining state law claims are dismissed.

### C. *Kent Defendants' Motion for Summary Judgment*

#### 1. *Securities Fraud Claims*

Next, the Court turns to the Kent defendants' motion for summary judgment. The submissions by the Kent defendants and plaintiffs do not comply with the local rules governing motions for summary judgment. Accordingly, all filings related to the Kent defendants' motion for summary judgment are stricken. As stated above, the Harper defendants' motion for summary judgment also failed to comply with the applicable local rules. However, despite the poor quality of the submissions related to the Harper defendants' motion, it is clear that plaintiffs do not have valid securities law claims against the Harper defendants. The same cannot be said about the Kent defendants. Plaintiffs may have valid claims against the Kent defendants, but the Court cannot make such a determination in light of the poor quality of the current filings.

The Kent defendants are given leave to file an amended motion for summary judgment by April 17, 2009. All future filings must strictly comply will all applicable federal and local rules. If the Kent defendants elect to file an amended motion for summary judgment, the memorandum in support of their motion must not exceed 25 pages. Plaintiffs' response brief in opposition to the motion cannot exceed 30 pages and, if necessary, must be filed by May 1, 2009. All text in the briefs must be in 12 point font. Case law citation cannot be included in footnotes and the Court will not consider any footnotes longer than three lines. Defendants' reply brief is limited to 15 pages and is due May 8, 2009. The Kent defendants' statement of material facts is limited to 100 separately numbered statements. Each numbered paragraph must be short and must

include specific references to affidavits, parts of the record, or other supporting materials. Plaintiffs' response to those facts must be concise - multiple paragraph and multiple page responses will be stricken - and must be supported by specific references to affidavits, parts of the record, or other supporting materials. Plaintiffs may file a statement of additional facts, which will be limited to 60 facts. Each fact must be in a *short* numbered paragraph that includes specific references to the record.

The Court notes that each plaintiff and the terms of his individual club membership are unique. Certain relevant facts may not apply to all four plaintiffs. In the current submissions, the parties made broad generalizations and characterizations that were not necessary applicable to all four plaintiffs. If the parties choose to file amended submissions, they are cautioned to be more precise in their drafting and inclusion of record citations.

### *III. Conclusion*

For the reasons set forth more fully above, the Harper defendants' motion for summary judgment is granted as to all of Mosley and McClellan's claims. The motion is also granted as to Glazer and Stein's claims in Court I of the complaint. Glazer and Stein's remaining state law claims as to the Harper defendants are dismissed. The Kent defendants' motion for summary judgment and all related submissions are stricken for failure to comply with applicable federal and local rules.

ORDERED: Judgment is entered in favor of defendants Andrew Harper and Andrew Harper Travel, Inc. as to each of Mosley and McClellan's claims. Judgment is entered in favor of defendants Andrew Harper and Andrew Harper Travel, Inc. as to Glazer and Stein's securities

fraud claims (Count I). Glazer and Stein's remaining state law claims against Andrew Harper and Andrew Harper Travel, Inc. are dismissed. John Doe is dismissed as a defendant. The Kent defendants' motion for summary judgment and all related submissions are stricken for failure to comply with applicable federal and local rules. The parties must provide the Court will courtesy copies of all future filing in this case. All courtesy copies must be appropriately bound. The Court will not accept redwells filled with loose pieces of paper.

                              E N T E R:

                                                  GEORGE W. LINDBERG
                                                  SENIOR U.S. DISTRICT JUDGE

DATED: March 24, 2009